Howry, Judge,
delivered the opinion of the court:
The seizure and condemnation of the sloop were illegal acts, and liability must follow as to the vessel. The nature, amount, and value of the cargo are not proven.
The issues between the parties relate (1) to the ownership of the vessel, and (2) as to the right of alleged individual underwriters to recover through a receiver of an unincorporated body or association of men and who, without a charter, have likewise not established relations as partners.
As to the véssel, defendants’ contention is based upon the fact that a third person, who does not appear, either from the register or otherwise by the record, to have been interested, took out insurance upon the sloop, the register owner meantime insuring for a like amount of one-third of the sloop.
The findings disclose that the register was taken out about the date of the sailing of the ship and that this register named Benjamin Wyatt as the only owner. Thereafter, one Johnson took out insurance for $600 on the vessel and collected the amount. Before that time, however (only three days before sailing), Benjamin Wyatt took out insurance on one- • third of the vessel in the same sum for which Johnson subsequently insured and collected. There is no proof that the registered owners had knowledge of the Johnson insurance. *209 The argument is made that the fact that a person who does not otherwise appear to have any interest in the vessel took out insurance does not prove that such person owned an interest in the vessel; that he is a mere volunteer; and that as against the record owner there must have been something more than his action in obtaining insurance to support his claim. It is contended by the conflicting interest that the fact that Benjamin Wyatt only insured one-third of the vessel does not prove that he was not the sole owner of the vessel, but does prove that he only desired to insure his interest of one-third.
An examination of the dates of the various transactions as they appear discloses that the register was obtained May 23, 1800, and that three days thereafter Wyatt took out his insurance on one-third of the vessel in the sum of $600. Johnson took out his insurance June 19, 1800, for $600 on the sloop, and having collected the money when the ship was lost to the owner or owners, he either defrauded the insurance company or sustained a loss. It is possible that in taking out the insurance Johnson did so for the benefit of the register owner. This being mere conjecture, however, we can not account for his action. At all events we have a case where the effort appears to be made to overcome the record effect of the register.
In passing upon these claims the court has frequently held that policies of insurance merely are insufficient to establish ownership of a vessel. On this point one of the parties claiming as against another interest argues that the court has continuously and consistently held this to be the rule. Whether the court has been absolutely consistent on this proposition or not we are unable, in the mass of litigation in these cases involving conflicting claims, to say, but we repeat that the court has frequently held that policies of insurance, generally speaking, are not enough to prove ownership of a vessel. Considering the circumstances and the solemn character of a register where trouble ensues the court is of opinion that the register must govern. Especially does this seem to be the most reasonable view to take of the case, as it appears *210 that the third person took out his insurance on the vessel after the sloop had sailed for her destination.
As to the matter of title: One of the claimants contends that the court should leave the question of title to be decided if and when an appropriation is made. On the other hand, defendants insist that we should find the facts in reference to the insurance from which we must necessarily decide the matter of title before any appropriation can properly be made for a debatable interest.
We think we ought to show everything necessary for an understanding of the case in Congress. This brings us to the matter of the legal status of the Newburyport Association of Underwriters.
The court’s conclusion as to the conflicting rights of the parties is that no individual underwriter claiming through this body is entitled to an award for the want of proper identification of interest. The representatives of the individuals named as losers — that is, the representatives of the parties claiming under the association named and operating through a receiver — are not entitled to an award. Individual losses are established only by and through the receiver of a defunct organization. In the first place, the right of a receiver to recover has never yet been established by the court according to the case of the Dove, Goodhue (H. R. Doc. 429, 56th Cong., 2d sess.), and other cases. Next, the findings have not established the incorporation of the so-called Newburyport Association of Underwriters. Neither do the findings establish a partnership among the people whom this receiver professes to represent. The court is therefore unable to declare any rule by which an individual can claim through an unincorporated body of men calling themselves an association where, too, there is wanting proof of the elements of a partnership.
The value of the vessel, together with its freight earnings and premium of insurance paid totals $3,465. Deducting the $600, the amount of insurance received, the net loss to Benjamin Wyatt was $2,865, and the award must be for that amount. Accordingly, the findings herein are directed to be transmitted to Congress, together with a copy of this opinion.